TAULELEI of Pavaiai, Plaintiff

v.

AEA of Pavaiai, Defendant

No. 2-1949

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Letele" of Pavaiai]

February 13, 1949

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge;* and APE, *District Judge.*

DECISION

Heard at Fagatogo Wednesday, February 9, 1949.
Pele, for Aea; Pule, for Taulelei.

MORROW, *Chief Justice.*

Aea filed his application to be registered as the holder of the name Letele attached to the village of Pavaiai. Taulelei filed an objection to such proposed registration and became a candidate for the name.

With respect to eligibility requirements for holding a matai title Sec. 926 of the Code provides as follows:

"No person not having all the following qualifications shall be eligible to succeed to any Matai title.

(a) Must be at least three-quarters Samoan blood.

(b) Must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title.

(c) Must live with Samoans as a Samoan.

(d) Must be a descendant of a Samoan family and chosen by his family for the title.

428

(e) Must have been born on American Soil, except persons born of parents of Samoan blood who are (1) inhabitants of American Samoa (2) but temporarily residing outside of American Samoa or engaged in foreign travel at date of birth of such child and (3) whose matai at any time within 13 years after the birth aforementioned files with the Registrar of Titles a sworn declaration that such child born outside of American Samoa now resides in American Samoa and desires such child to be an inhabitant of American Samoa."

The evidence showed that candidate Taulelei meets all of such requirements and that candidate Aea meets all of them with the possible exception of continuous residence "within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title." Aea testified that he had lived in Upolu for a year after World War II. In answer to the question "You say you lived in Upolu for one year after the war, is that World War II?" Aea answered "Yes World War II." Again in answer to the question "Was this year you spent in Upolu the year after the flu epidemic when so many died or was it after the war when the Marines were down here?" Aea answered "The war when the Marines were here." When Aea went on the witness stand the second time and after he had learned of requirement (b) of Sec. 926, supra, he testified that he spent the year in Upolu after World War I and still later he testified that it was after a Samoan War which must have occurred prior to the establishment of the Government here in 1900. Aea was asked "Do you mean to tell us you are a little crazy?" to which he answered "Yes" and again to the question "Do you mean sometimes you are crazy and sometimes you are not?" he said "It is from Heaven, from God." While the court could readily dispose of this case by holding that Aea's own testimony to the effect that he spent a year in Upolu after World War II shows that he is disqualified from holding a matai title nevertheless since it was appar-

ent to the court that Aea's mind is impaired, due probably to old age, we shall not dispose of the case upon that ground.

Sec. 933 of the Code provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Each candidate filed a petition with the court signed by those members of the family supporting his candidacy. There were 51 signatures on Aea's petition and 60 on Taulelei's. Of the 60 signers on Taulelei's 5 were under the age of 14 and one of these 5 signed twice. In determining "the wish of the majority or plurality of the family" persons less than 14 years of age cannot be counted. *Aufata v. Falemalu*, No. 95-1948 (Am. Samoa); *Moa v. Faasa*, No. 27-1948 (Am. Samoa). It follows that there are only 54 names on Taulelei's petition which we may consider. Aea claimed that the 54 signers for Taulelei were not members of the Letele family. Since he admitted that he was crazy at times and since it was apparent to the court that his mind was impaired we do not believe that much weight should be given to this testimony. It was claimed in behalf of Aea that Taulelei was not a descendant of a Letele, yet Exhibit "C" filed by Aea himself to show his own descent from a Letele shows that Taulelei is a descendant of Letele Faalalai and also of Letele Mu. If we are to believe that this genealogy is the truth (and certainly Aea would not claim in the genealogy filed in his own behalf that Taulelei was a

descendant of these two Leteles unless it were true) we can come to no other conclusion than that Taulelei has Letele blood in his veins. We believe that the evidence clearly preponderates in favor of the view that all of the 54 signers on Taulelei's petition (we do not count the 5 under 14) were members of the Letele family. Witnesses for Taulelei testified that 29 of the 51 signers for Aea were not members of the Letele family. The witnesses for Aea testified that they were. Considering all of the testimony on this point, we believe that it preponderates in favor of the view that all 51 signers for Aea were members of the Letele family. We conclude from the evidence that a majority of the family (54 to 51) wish Taulelei to be the matai. It follows that Taulelei prevails over Aea on the issue of the wish of the majority of the family.

Aea is 60 years of age. It was obvious to the court after seeing him and hearing him testify that his mind is impaired. He has very little education. In answer to the question "Can you read?" he said "Very little but I can see clearly with my eyes." In answer to the question "How much education have you?" he said "Only teach how to say the A.B.C. and learn how to read the Bible." Aea has plantations. He testified that he received about $200 a month from produce from these plantations and in addition received about $100 a month from the sale of copra. We think from the evidence that most of this income is the result of labor of other members of the Aea family and that Aea receives the income from their labor. Because of the impairment of his mind it was apparent to the court that he has very little forcefulness and capacity for leadership. We think his character is good.

Taulelei is 30 years of age. He completed the 5th grade in school. He has plantations from which he testified that he derived an income of $80 to $100 a month. He makes Samoan curios. During the war he worked on a drilling

gang at the airbase at Tafuga. At the start his wages were $8 a week and at the end $25 a week. He is in the prime of life. His character is good. With respect to forcefulness and capacity for leadership it was quite obvious to the court, when comparing the candidates, that Taulelei is superior to Aea, particularly since the latter's mind is impaired. Taulelei prevails over Aea on the second issue.

There was considerable conflict in the evidence as to the amount of Letele blood in Taulelei's veins. Aea is the great grandson of a Letele. Also he held the title Letele for many years. We believe from the evidence that Aea prevails over Taulelei on the issue of best hereditary right and we so find.

The value of the holder of a matai name to the Government of American Samoa depends in a large measure upon the skill with which he handles the affairs of the family. If he is a good matai he is much more valuable to the government than if he is a poor one. Everything considered we believe that Taulelei prevails over Aea on this last issue. Because of Aea's impairment of mind and his age we do not believe that he would be able to give the family as high a quality of leadership as Taulelei, a much younger man with more education and a good mind.

In view of our findings that Taulelei prevails over Aea on the first, second and fourth issues it follows that the court must award him the title Letele.

Accordingly it is ORDERED, ADJUDGED and DECREED that Taulelei be registered as the holder of the matai title of Letele of Pavaiai. The Registrar of Titles will be so advised.

Costs in the sum of $25 are hereby assessed against Aea the same to be paid within 30 days.